IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
JUN 8 2005
U.S. DISTRICT COURT
CLARKSBURG WV 26301

MARY J. DANIEL,

    **Petitioner,**

v.                            **Civil Action No. 1:03CV154**
                              **Criminal Action No. 1:03CR3**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION & ORDER DISMISSING PETITION

Before the Court is a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, filed by the pro se petitioner on July 15, 2004. The Court referred this matter to Magistrate Judge John S. Kaull in accordance with Local Rule of Prisoner Litigation 83.15. On January 31, 2005, Magistrate Judge Kaull issued a Report and Recommendation, recommending that the Court deny the petitioner's motion. On March 1, 2005, the petitioner filed objections to the Magistrate's recommendation. For the following reasons, the Court **AFFIRMS** the Magistrate and **DISMISSES** the § 2255 petition.

### I. BACKGROUND

On August 1, 2003, the pro se petitioner, Mary Daniel, was found guilty by a jury of being a felon in possession of a firearm. On October 30, 2003, this Court sentenced Daniel to 21 months of incarceration. The Fourth Circuit Court of Appeals affirmed Daniel's conviction on May 24, 2004.

## MEMORANDUM OPINION & ORDER DISMISSING PETITION

Daniel's sentence included a two level enhancement for perjury pursuant to U.S.S.G. § 3C1.1. The perjury enhancement, however, was neither charged in the indictment nor proven to a jury beyond a reasonable doubt. Thus, in her § 2255 motion, Daniel asserts that the enhancement is unconstitutional in light of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>United States v. Shamblin</u>, 323 F. Supp. 2d 757 (S.D. W. Va. 2004), which applied <u>Blakely</u> to the federal sentencing guidelines.

Magistrate Judge Kaull issued his Report and Recommendation after the Supreme Court rendered its decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Principally relying on <u>Schiro v. Summerlin</u>, 124 S. Ct. 2519 (2004), and <u>Lilly v. United States</u>, 342 F. Supp. 2d 532 (W.D. Va. 2004), he found that <u>Blakely</u> and <u>Booker</u> do not apply retroactively. Daniel disputes this conclusion in her objections.

## II. ANALYSIS

The sole issue raised by the petition is whether <u>Booker</u>[1] applies retroactively to Daniel's sentence. Daniel essentially argues that the decision in <u>Booker</u> falls under one of the narrow exceptions for retroactive application articulated by the Supreme

---

[1] The Court need not consider the retroactivity of <u>Blakely</u> because, as discussed in this order, that decision is substantively different from <u>Booker</u>'s dual-faceted holding.

**MEMORANDUM OPINION & ORDER DISMISSING PETITION**

Court in <u>Teague v. Lane</u>, 489 U.S. 288 (1989). The <u>Teague</u> decision instructs courts to undertake the following three-step inquiry to determine whether a new rule of criminal procedure applies retroactively on collateral review:

> First, the court must determine the date on which the defendant's conviction became final. Second, the court must decide whether the Supreme Court's ruling indeed constitutes a "new rule" of constitutional criminal procedure. Third, if the rule is new, then it does not apply retroactively unless it falls within one of the two narrow exceptions [to the general rule of nonretroactivity].

<u>United States v. Sanders</u>, 247 F.3d 139, 146-47 (4th Cir. 2001) (citation omitted). The first <u>Teague</u> exception, which is not relevant in this case, pertains to rules that "place[] 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" 489 U.S. at 311 (quotation omitted). The second <u>Teague</u> exception applies to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Summerlin</u>, 124 S. Ct. at 2523 (internal quotation and citation omitted); <u>Teague</u>, 489 U.S. at 311.

Here, Daniel's conviction became final on May 24, 2004, before the issuance of the <u>Booker</u> opinion. For purposes of this petition, the Court assumes that the criminal procedural rule of <u>Booker</u> is

new. Thus, the Court must resolve whether Booker announced a "watershed rule of criminal procedure."

The Booker decision consisted of two distinct rulings. The first majority opinion, authored by Justice Stevens, applied the Sixth Amendment holding in Blakely to the federal sentencing guidelines, thus prohibiting the imposition of sentencing enhancements based upon facts found by a judge by a preponderance of the evidence. 125 S. Ct. at 755-56. The second (or so-called "remedial") majority opinion held that, in order to best reflect the intent of Congress, the sentencing guidelines could not remain mandatory in the wake of the first majority's constitutional holding. Id. at 764. Thus, the remedial majority excised 18 U.S.C. §§ 3553(b) and 3742(e) to establish an advisory guidelines scheme and impose a reasonableness standard of review. Booker, 125 S. Ct. at 764-65. Consequently, the Booker remedial majority directed district courts to determine an appropriate sentence by consulting the guidelines along with the other factors enumerated by 18 U.S.C. § 3553(a). Booker, 125 S. Ct. at 766, 767.

Notwithstanding their practical effect on the sentencing process, Booker's holdings do not fall within the purview of the Teague exception. The constitutional holding of Booker merely

> reaffirm[ed] [the Supreme Court's] holding in Apprendi:
> Any fact (other than a prior conviction) which is

> necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

125 S. Ct. at 756. Apprendi, however, does not apply retroactively. Sanders, 247 F.3d at 148. Therefore, in light of its explicit reliance on Apprendi, Booker's constitutional holding likewise cannot apply retroactively to Daniel's sentence.[2]

Booker's remedial holding mitigated the impact of the constitutional holding by precluding any requirement for jury factfinding at the sentencing stage. 125 S. Ct. at 764. Thus, with respect to basic procedural protections, the post-Booker sentencing scheme is no different than the pre-Booker scheme. Indeed, the remedial opinion in Booker expressly preserved judicial factfinding by a preponderance of the evidence. See, e.g., id. at 759, 762, 764-65. Accordingly, Booker cannot be characterized as a decision that "not only improved accuracy [of sentencing determinations], but also alter[ed] our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Sawyer v. Smith, 497 U.S. 227, 242 (1990) (internal quotations omitted) (alterations added) (emphasis in original).

---

[2] The Fourth Circuit's rejection of Apprendi's retroactivity also confirms that Blakely does not apply retroactively.

Although the Fourth Circuit has not addressed the issue, other courts of appeals uniformly agree that Booker does not constitute a "watershed rule of criminal procedure." Lloyd v. United States, No. 04-3549, 2005 WL 1155220 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). Moreover, under United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), the Fourth Circuit subjects Booker claims to a plain error review, which further supports the conclusion that Booker "does not rise to the level of a watershed change in criminal procedure." Sanders, 247 F.3d at 150. Weighing this fact, the unanimous circuit court holdings, Apprendi's nonretroactivity, and the Magistrate's recommendation, this Court holds that Booker does not apply retroactively.

### III. CONCLUSION

For the above reasons, the Court **AFFIRMS** the Magistrate's Report and Recommendation and **OVERRULES** the petitioner's objections. Accordingly, the Court **DENIES** Daniel's motion to vacate, set aside or correct her sentence (crim. dkt. 76) and **DISMISSES** her petition **WITH PREJUDICE.**

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: June ____8____, 2005.

                                      /s/ Irene M. Keeley
                                      IRENE M. KEELEY
                                      UNITED STATES DISTRICT JUDGE